UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN A. SPEAR,

    Petitioner,

-vs-                                                       Case No. 8:09-CV-193-T-30MAP

WALTER A. MCNEIL,
SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## **ORDER**

Petitioner, an inmate of the Florida penal system proceeding *pro se*,[1] filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging convictions for sexual battery on a child and convictions for handling and fondling a child under sixteen entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1).

Because Petitioner filed his request for federal habeas relief after the enactment date

---

[1] Petitioner is cautioned that although he is appearing *pro se*, he is required to comply with the Local Rules of the Middle District of Florida, the Federal Rules of Civil Procedure, and the Rules Governing Section 2254 Cases. His failure to do so could result in sanctions, including dismissal of his claims. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).
    Copies of the Local Rules may be obtained from the Clerk's Office for $4.60 each by mailing a letter to the Clerk's Office indicating the number of copies you desire and including a check payable to the "Clerk, U.S. District Court" for the total amount due. Because the Court cannot pay the mailing costs, you must also provide a sufficient quantity of self-addressed, prepaid return envelopes to accommodate the number of Local Rules you order. For your information, the Local Rules measure 8 1/2" x 11" x 1/2", and weigh 1 pound each.
    A copy of the Local Rules may be found in the Prison Law Library. They may also be found in <u>Florida Rules of Court</u> available from West Group, 620 Opperman Drive, St. Paul, Minnesota 55164. This book may also be available in the Prison Law Library.

of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), the petition is governed by the provisions thereof. *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts, *see* 28 U.S.C. § 2244(b). *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998). Section 2244(b) provides, in pertinent part, that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In the present petition, Petitioner acknowledges that he has previously sought federal habeas relief (Dkt. 1 at pgs. 16-50). *See Spear v. Secretary, Department of Corrections*, 8:03-CV-956-T-30MAP (M.D. Fla. 2003) (denied May 10, 2006). Clearly this is a second or successive petition.

Therefore, pursuant to 28 U.S.C. 2244(b)(3), Petitioner must seek and obtain authorization from the Eleventh Circuit Court of Appeals prior to initiating this action. *See Medina v. Singletary*, 960 F.Supp. 275, 277-78 (M.D. Fla. 1997) (and cases cited therein). Petitioner has not shown that he has applied to the court of appeals for an order authorizing this Court to consider his application. This case will be dismissed without prejudice to allow Petitioner the opportunity to seek said authorization.

ACCORDINGLY, the Court **ORDERS** that:

1. This case is **DISMISSED** without prejudice (**Dkt. 1).**

2. The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

3. The **Clerk** shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 26, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

<u>Copy furnished to</u>:
*Pro se* Petitioner